Wesley W. Lew, SBN: 222351
WWLew@rkmc.com
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Bryan J. Mechell, *Pro Hac Vice Pending*
BJMechell@rkmc.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Defendant
WORLD RICHMAN MANUFACTURING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD RICHMAN MANUFACTURING CORPORATION, an Illinois corporation,<br><br>Defendant. | Case No. 8:14-cv-01851-JVS-RNB<br><br>**ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Served:<br>November 20, 2014 |

Defendant World Richman Manufacturing Corporation ("World Richman") hereby responds to the Complaint for Patent Infringement, Permanent Injunction and Damages (the "Complaint") filed by Targus Group International, Inc.

ANSWER OF DEFENDANT WORLD RICHMAN
MANUFACTURING CORPORATION

("Plaintiff") with the following Answer and Affirmative Defenses:

## GENERAL DENIAL

World Richman denies each and every allegation, matter, or thing contained in the Complaint which is not expressly admitted, qualified, or answered herein.

## INTRODUCTORY PARAGRAPH

To the extent the introductory paragraph of the Complaint purports to allege that Plaintiff has a valid claim for patent infringement against World Richman, World Richman denies those allegations.

## PARTIES

1. World Richman is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the Complaint, and therefore denies them.

2. World Richman admits that World Richman Manufacturing Corporation is an Illinois corporation with a principal place of business at 2505 Bath Road, Elgin, Illinois 60124.

## NATURE OF THE ACTION

3. World Richman admits that the Complaint purports to state a cause of action arising under the patent laws of the United States. World Richman denies, however, that Plaintiff has set forth any such meritorious claims, or that Plaintiff is entitled to any relief.

4. World Richman denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. World Richman admits that the Complaint purports to state a cause of action arising under the patent laws of the United States, Title 35 of the United States Code, and that 28 U.S.C. §§ 1331 and 1338(a) grant district courts original jurisdiction over civil actions arising under that Act. World Richman denies, however, that Plaintiff has set forth any such meritorious claims, or that Plaintiff is

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

entitled to any relief.

6. For the purposes of this action only, World Richman does not contest that this Court has personal jurisdiction over World Richman. World Richman further admits that it transacts business in this District. World Richman denies that it has committed acts of patent infringement in this District or elsewhere. World Richman denies all remaining allegations in paragraph 6 of the Complaint.

7. Without admitting that it is necessarily proper or convenient, and for the purposes of this action only, World Richman does not contest that venue is permissible under 28 U.S.C. §§ 1391 and/or 1400(b). World Richman denies, however, that Plaintiff has set forth any meritorious claims, or that Plaintiff is entitled to any relief.

## FACTUAL BACKGROUND

8. World Richman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

9. World Richman is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies them.

10. World Richman admits that on its face U.S. Patent No. 8,746,449 (the "'449 patent") is entitled "Portable Electronic Device Case Accessories and Related Systems and Methods" and bears an issue date of June 10, 2014. World Richman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and therefore denies them.

11. World Richman admits that on its face U.S. Patent No. 8,783,458 (the "'458 patent") is entitled "Portable Electronic Device Case Accessories and Related Systems and Methods" and bears an issue date of July 22, 2014. World Richman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies them.

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

12. World Richman admits that it has manufactured certain tablet computer case products for Best Buy on an OEM basis. World Richman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore denies them.

13. World Richman admits that it offers a product described as the "Insignia Case" in 7", 8" to 9", and 10" sizes, but denies that the described product infringes the '449 and/or '458 patents. World Richman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore denies them.

14. World Richman admits that it offers a product described as the "Insignia Case for iPad Air", but denies that the described product infringes the '449 and/or '458 patents. World Richman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore denies them.

## COUNT ONE

15. World Richman incorporates by reference its answers to paragraphs 1-14, as if fully set forth herein.

16. World Richman denies the allegations of paragraph 16 of the Complaint.

17. World Richman denies the allegations of paragraph 17 of the Complaint.

18. World Richman denies the allegations of paragraph 18 of the Complaint.

19. World Richman denies the allegations of paragraph 19 of the Complaint.

20. World Richman denies the allegations of paragraph 20 of the Complaint.

21. World Richman denies the allegations of paragraph 21 of the

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

Complaint.

22. World Richman denies the allegations of paragraph 22 of the Complaint.

23. World Richman denies the allegations of paragraph 23 of the Complaint.

24. World Richman denies the allegations of paragraph 24 of the Complaint.

25. World Richman denies the allegations of paragraph 25 of the Complaint.

26. World Richman denies the allegations of paragraph 26 of the Complaint.

## COUNT TWO

27. World Richman incorporates by reference its answers to paragraphs 1-14, as if fully set forth herein.

28. World Richman denies the allegations of paragraph 28 of the Complaint.

29. World Richman denies the allegations of paragraph 29 of the Complaint.

30. World Richman denies the allegations of paragraph 30 of the Complaint.

31. World Richman denies the allegations of paragraph 31 of the Complaint.

32. World Richman denies the allegations of paragraph 32 of the Complaint.

33. World Richman denies the allegations of paragraph 33 of the Complaint.

34. World Richman denies the allegations of paragraph 34 of the Complaint.

35. World Richman denies the allegations of paragraph 35 of the Complaint.

36. World Richman denies the allegations of paragraph 36 of the Complaint.

37. World Richman denies the allegations of paragraph 37 of the Complaint.

38. World Richman denies the allegations of paragraph 38 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs, listed as A, B, C, D, E, F, G, H and I in the Complaint, set forth the statement of relief requested by Plaintiff to which no response is required. To the extent any admission or denial may be required, however, World Richman denies that Plaintiff is entitled to any of the requested relief to the extent such relief is sought against World Richman, and World Richman denies any allegations that are directed to World Richman.

## RESPONSE TO PLAINTIFF'S DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiff's request for a jury trial, to which no response is required. To the extent any admission or denial may be required, however, World Richman admits that Plaintiff purports to request a trial by jury of any issues so triable by right.

## AFFIRMATIVE DEFENSES

Subject to the responses above, World Richman asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement of the '449 patent)

1. World Richman has not infringed, directly, indirectly, contributorily, and/or by inducement, any valid claim of the '449 patent, either literally or under the doctrine of equivalents

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of the '449 patent)**

2. Each claim of the '449 patent is invalid for failure to meet the requirements of patentability found in 35 U.S.C. §§ 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Estoppel, Laches, and/or Waiver)**

3. Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, and/or waiver, including without limitation Plaintiff's unreasonable delay in asserting the '449 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Basis for Injunction)**

4. Plaintiff is not entitled to injunctive relief because World Richman does not infringe any valid and enforceable claim of the '449 patent. Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits, Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by World Richman, and Plaintiff has an adequate remedy at law for any claims it can prove.

**FIFTH AFFIRMATIVE DEFENSE**
**(Non-Infringement of the '458 patent)**

5. World Richman has not infringed, directly, indirectly, contributorily, and/or by inducement, any valid claim of the '458 patent, either literally or under the doctrine of equivalents

**SIXTH AFFIRMATIVE DEFENSE**
**(Invalidity of the '458 patent)**

6. Each claim of the '458 patent is invalid for failure to meet the requirements of patentability found in 35 U.S.C. §§ 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, and/or Waiver)

7. Plaintiff's claims are barred, in whole or in part, under principles of equity, including estoppel, laches, and/or waiver, including without limitation Plaintiff's unreasonable delay in asserting the '458 patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

8. Plaintiff is not entitled to injunctive relief because World Richman does not infringe any valid and enforceable claim of the '458 patent. Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits, Plaintiff has not suffered and will not suffer immediate or irreparable harm because of any conduct by World Richman, and Plaintiff has an adequate remedy at law for any claims it can prove.

## NINTH DEFENSE
### (Limitation on Damages)

9. Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. §§ 286, 287.

## TENTH DEFENSE
### (No Willful Infringement)

10. Plaintiff is not entitled to enhanced or increased damages for willful infringement because World Richman has not engaged in any conduct that meets the applicable standard for willful infringement.

## ELEVENTH DEFENSE
### (Patent Misuse)

11. The patent-in-suit is unenforceable for patent misuse, based on, but not limited to, Plaintiff's continuing unlawful attempts to enforce the patent-in-suit, which Plaintiff knows or should know is invalid, unenforceable, and/or not infringed.

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

## ADDITIONAL DEFENSES

In addition to the affirmative defenses set forth above, World Richman specifically reserves all rights to assert additional affirmative defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future.

## PRAYER FOR RELIEF

World Richman respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Dismissal of Plaintiff's claims in their entirety with prejudice;

B. A finding that Plaintiff take nothing by way of its Complaint;

C. A declaration that World Richman does not infringe U.S. Patent. No. 8,746,449 and U.S. Patent No. 8,783,458;

D. A declaration that the claims of U.S. Patent No. 8,746,449 and U.S. Patent No. 8,783,458 are invalid;

E. An order awarding World Richman its costs;

F. An order finding that this is an exceptional case and awarding World Richman its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

DATED: January 14, 2015

        Respectfully submitted,

        */s/ Wesley W. Lew*
        Wesley W. Lew
        **ROBINS KAPLAN LLP**

        Bryan J. Mechell, *Pro Hac Vice Pending*
        **ROBINS KAPLAN LLP**
        800 LaSalle Avenue
        2800 LaSalle Plaza
        Minneapolis, MN 55402-2015

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION

Attorneys for Defendant
WORLD RICHMAN MANUFACTURING CORPORATION

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document, **ANSWER OF DEFENDANT WORLD RICHMAN MANUFACTURING CORPORATION, DEMAND FOR JURY TRIAL** was filed electronically on January 14, 2015 with the Clerk of the Court for the U.S. District, Central District of California, Southern Division pursuant to Local Rule 5-4.1 and served on all counsel who have consented to the electronic service. Any other counsel of record will be served by first-class mail on this same date.

DATED: January 14, 2015            */s/ Wesley W. Lew*